STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. WISNER STATE BANK: E. H. LUIKART, RECEIVER, APPELLANT: CHRISTIAN LORENSEN, APPELLEE.

FILED SEPTEMBER 29, 1933. No. 28581.

F. C. Radke, Otto H. Zacek, G. E. Price and Barlow Nye, for appellant.

A. R. Oleson, contra.

Heard before GOSS, C. J., EBERLY, DAY and PAINE, JJ., and BEGLEY, LANDIS and MEYER, District Judges.

MEYER, District Judge.
The Wisner State Bank became insolvent in 1931. E.

H. Luikart was duly appointed receiver and Howard Doty was in active charge of the bank under the receiver. On April 7, 1932, the receiver filed application with the district court for Cuming county, Nebraska, for authority to sell the bank building to one Christian Lorensen for $4,500 and the fixtures for $500, alleging that he had an offer from Lorensen of said sums. Lorensen filed objections to said confirmation, alleging among other things that after he made said offer Doty notified him that his bid for the building had been raised $100 and asked him if he desired to bid again, whereupon he told Doty that he would not and that he was through, and he also alleges that he told Doty then and again on April 6 that his offer was withdrawn. Upon hearing, the district court sustained the objections and the receiver has appealed.

The record discloses that the order appointing the receiver was in the usual form, and among other things stated that the "receiver is further authorized and empowered to sell and dispose of any and all property, both real and personal, belonging to said bank, to the best possible advantage * * * subject to the approval of the court, and as provided by law." Pursuant thereto and without other or more specific authorization or direction, Doty set about in March, 1932, to secure offers for the purchase of the bank building. He first received a bid of $3,500 from one Richmond. This bid was raised to $4,000 by Lorensen, appellee herein. Thereafter Richmond raised his bid to $4,100, and then Lorensen on March 23 bid $4,500 for the building and $500 for the bank fixtures, his bid for the fixtures being conditional, however, upon his offer for the building being accepted. Doty then solicited and on or about March 29 secured a further bid from Richmond in the sum of $4,600 for the building. After receiving this bid and on the same or the following day, Doty called on Lorensen at his home and told him his bid had been raised and endeavored to induce Lorensen to bid more.

It appears that when Doty took the Richmond bid he

told him that he did not know whether his or Lorensen's offer would be accepted. Doty's representations to Lorensen were not so qualified. Lorensen told Doty that if he wanted to bid again he would do so in open court. Lorensen also testified that Doty at that time told him that he "was out," and that he then told Doty he "was through" and was withdrawing his bid. Doty denies this, but it is undisputed that Lorensen repeated later to a member of the depositors' committee that "there was no use bidding on it," that if he wanted to bid again he would do so in open court, and that he told Doty on April 4 and again on the 6th that he was withdrawing his bid. He never did bid again. After Lorensen's refusal to bid further, the receiver's agent endeavored to secure a bid from Richmond on the fixtures. Being unsuccessful, it was then decided that the Lorensen offer was the best, and Luikart testified that he approved same on April 2. This was done without securing a renewal of Lorensen's offer, without his consent, and apparently without his knowledge.

The informal bidding extended over a period of approximately two weeks. A deposit was made to accompany each bid and they were each evidenced by a writing in nature of a contract to purchase signed by the bidder only. The Lorensen contract for $4,500 provided that it was subject to the approval of the department of trade and commerce and the approval of the district court for Cuming county, Nebraska. The evidence is not clear on this point, but it is assumed that all of the several contracts contained the same conditions. Doty testified that "these bidders were aware of the other man's bid."

It is conceded that Lorensen's bid of $4,500 for the building and the writing which he signed was a mere proposal or offer to purchase which could be withdrawn at any time before acceptance. It is also elementary that until withdrawn said offer was subject either to acceptance or rejection.

Appellant argues that there was little sale for the

fixtures apart from the building and that therefore Lorensen's bid was the best bid; that said bid was accepted by the receiver on April 2, 1932; that it was not withdrawn prior thereto; that the receiver was powerless to release Lorensen after his bid was accepted, and that it was an abuse of discretion under the circumstances for the court to do other than to confirm said sale. A number of cases are cited to the effect that in a judicial sale the officer conducting the sale is powerless to release a bidder once his bid is accepted, and other cases holding that, if the bid accepted is the best bid and the sale has been free from fraud and mistake, a binding contract results and its confirmation follows as a matter of course.

Appellant's argument is bottomed on the proposition that this was a judicial sale and the assumption that the Lorensen bid was still subsisting at the time when Luikart says he accepted it. It is unnecessary to consider whether this was or was not a judicial sale, for in our opinion the undisputed evidence discloses that said offer was in effect rejected before any move was made to accept it. The cases cited deal only with the right of an officer to release a successful bidder in a judicial sale after the bidding is concluded and the property struck off to such bidder. No authority is produced which denies the officer's right to receive a higher bid at any time before the sale is closed or which discusses the status that automatically follows the receipt of such higher bid. As we view it, this is the important point in this case.

It appears from the testimony that Doty first directed his efforts toward the sale of the building alone. Apparently the fixtures were never mentioned until Lorensen made his double bid, and Lorensen on cross-examination testified that even then Doty said the fixtures were "a separate deal" and could not be put in on the real estate. The contract to purchase the building evidencing the Lorensen bid for $4,500 is silent as to fixtures. A separate writing was made to cover his bid for them.

In our opinion when Doty went to Lorensen's home and told him that he had a $100 higher bid for the building and failed to advise Lorensen that he had received said bid conditionally and endeavored to induce Lorensen to raise his bid, that was tantamount to a rejection of Lorensen's last offer, and Lorensen thereby became as effectually released therefrom as if Doty had said to him: "Lorensen, you are out. We have a higher bid. If you want to be considered further it will be necessary for you to give us another offer." Doty might have told Lorensen, as he did Richmond, that he had received the Richmond offer conditionally and that under the circumstances Lorensen's bid might be considered the best offer. Doty did not choose to do so. Rather on the strength of the statement that he had a higher offer he sought, without disclosing the full facts, to induce appellee to offer a larger sum. It should be noted that Lorensen testified that Doty actually did say "you are out." This would constitute a direct refusal and rejection of his bid, but in any event, having under the undisputed evidence in effect represented to Lorensen that his offer had been superseded, it follows naturally that no contractual obligation could thereafter be based on such offer and that the purported acceptance thereof on April 2, 1932, came too late. "If the offer is rejected, either by an absolute refusal or by an acceptance not identical with the terms of the offer, or by a counter offer, unless the offerer consents to the conditional acceptance or counter offer, the offer lapses and becomes invalid, and it cannot thereafter be accepted so as to create a binding contract of sale." 55 C. J. 88.

Having thus decided, it becomes unnecessary for us to determine the question of withdrawal. Lorensen's offer having been rejected, it was unnecessary for him to withdraw it. In this regard, however, it may be noted that Lorensen testified positively that, on the same day that Doty told him of the last Richmond bid, he went to the bank and told Doty he was through and would

withdraw his bid and to let Richmond have it. This is denied, but Lorensen's conduct in relation to this matter, as disclosed throughout the evidence, tends to support his testimony on this point.

The action of the trial court is

AFFIRMED.